**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Walter T. COLLINS, Respondent.**

**No. 98–SC–317–KB.**

Supreme Court of Kentucky.

July 23, 1998.

## OPINION AND ORDER

Respondent, Walter T. Collins, of Louisville, Kentucky, was charged with two counts of violating the Kentucky Rules of Professional Conduct. Specifically, the Inquiry Tribunal charged that Collins: (1) violated SCR 3.130–1.15(a) by failing to hold client property separate from his own property; and (2) violated SCR 3.130–8.3(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. The Kentucky Bar Association Board of Governors unanimously found Collins guilty and a majority of the Board recommended disbarment. We agree.

Collins was admitted to the practice of law on September 1, 1969. On February 19, 1998, Collins was temporarily suspended from the practice of law in connection with the above-outlined charges. *Inquiry Tribunal v. Collins*, Ky., 961 S.W.2d 797 (1998).

By Order of Jefferson District Court, Probate Division, Collins was retained by the Estate of Arthella Mathis on December 9, 1994. On March 23, 1996, Collins personally conducted a real estate closing that involved the sale of two tracts of property from the estate. At the conclusion of the closing, Collins tendered a closing statement and three checks drawn on Collins' escrow account. One of the checks was made payable to William Henry Mathis and the other two checks were made payable to the Estate of Arthella Mathis. William Mathis (Mathis) is the executor of the estate. He deposited the checks made payable to the estate on August 5, 1997. One check was honored and one was returned to Mathis marked "Insufficient Funds." This check was in the amount of $8,550.56.

Mathis advised Collins on a number of occasions that the check in question had been dishonored. On each occasion, Collins as-

sured Mathis that he would "make the check good." The check has not been made good.

Mathis, as executor, filed a complaint against Collins with the KBA on September 30, 1997. In response to the complaint, Collins stated that the checks were delivered to Mathis on March 23, 1996, but were not cashed by Mathis until August 5, 1997. Collins argued that there were sufficient funds in the escrow account to cover the checks when they were delivered, and implied that Mathis neglected his fiduciary duty by waiting so long to cash the checks.

However, in the response to the complaint, Collins acknowledged that the check in question was not honored and that the estate is entitled to the full proceeds of the check. In the response, Collins also stated that he would pay the Estate of Arthella Mathis the sum of $8,550.56. Nothing in the record indicates that this money has ever been paid.

Upon review of the record, we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association.

Therefore, it is ordered that Walter T. Collins, is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

It is further ordered that:

1. Collins shall not be allowed to engage in the practice of law, as defined in SCR 3.020, in the Commonwealth of Kentucky until such time as this Court enters an order reinstating his membership in the Kentucky Bar Association.

2. Collins shall not file an application for reinstatement until expiration of a period of five (5) years after the entry of this order.

3. Any application for reinstatement filed by movant shall be governed by SCR 3.520, "Reinstatement in case of disbarment," or any subsequent amendment to SCR 3.520.

4. All disciplinary proceedings against Collins shall be terminated and the costs thereof ($72.17) shall be paid by Collins in accordance with SCR 3.450(1) and SCR 3.480(3), and for which execution may issue from this Court upon finality of this Opinion and Order.

5. Collins shall comply with the provisions of SCR 3.390 by promptly notifying all courts in which he has matters pending and all clients for whom he is actively involved in litigation and other similar matters of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the entry of this order, and Collins shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Collins shall promptly return all active files to his clients.

All concur.

Entered July 23, 1998.

/s/ Robert F. Stephens
Chief Justice